LAW OFFICE OF KARIM H. KAMAL
Karim H. Kamal (KK 2279)
430 East 86th street, Suite 14B
New York, NY 10028
(212) 586-0510
khklaw@gmail.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPHINE TELL,<br><br>          Plaintiff,<br><br>          - against -<br><br>9 WEST 73RD STREET LLC, THE CITY OF NEW YORK, BRUSCO GROUP INC., WESTSIDE MANAGEMENT CORP., BRUSCO CONTRACTING CORP, RICK ELEZI MANAGEMENT INC, d/b/a R.E.M. RESIDENTIAL, L&N REALTY CO., JNP JC BRUSCO ASSOCIATES, JPN J REALTY LLC, NICHOLAS E. BRUSCO, JOSEPH O. BRUSCO, RICK ELEZI, SHPRESA ELEZI, NYPD DETECTIVE JOSE VARGAS, NEW YORK CITY MARSHAL GARY H. ROSE #81, and JOHN DOES 1-20, ABC CORPORATION "1" through "5" intending to refer to contractors, sub-contractors, and all who have performed or may have performed repair, remediation, extermination and/or maintenance work in the subject apartment and building,<br><br>          Defendants. | Civil Action No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## NATURE OF THE COMPLAINT

1.      This is an action for injunctive relief, damages, costs and attorney fees, alleging

sexual assault and a continuing pattern of sex and gender discriminatory conduct in violation of the

Fair Housing Act (the "FHA"), 42 U.S.C. §§ 3603, et seq.; the New York State Human Rights Law

1

(the "NYSHRL"), N.Y. Exec. Law §§ 290, et seq.; and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code §§ 8-101, et seq.  Plaintiff Josephine Tell, who is a trans woman, also asserts causes of action for personal injury and infliction of emotional distress.

2.    Defendants violated Ms. Tell's rights by engaging in acts and practices meant to harass and defame Plaintiff into abandoning her apartment because she is transexual and had reported a sexual assault to the owner of her rental apartment, 9 West 73rd Street, LLC, 1B, by an employee of the Owners listed below.

**Parties**

4.    Plaintiff resides in the City and State of New York and previously resided at 9 West 73rd Street, New York, NY, (the "Subject Building"), Apt. 1B (the "Subject Apartment"), where the alleged sexual assault took place, pursuant to a lease entered into by her then fiancé, Alok Dar.  Plaintiff made all rental payments and the lease was renewed in 2022.

5.    Defendants 9 WEST 73RD STREET LLC, BRUSCO GROUP INC, WESTSIDE MANAGEMENT CORP, BRUSCO CONTRACTING CORP, L&N REALTY CO., JNP JC BRUSCO ASSOCIATES, JPN J REALTY LLC (collectively the "Owners"), are the corporate owners of the Subject Building and Subject Apartment, with address of 163 west 74th Street, New York, NY 10023.

6.    Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department ("NYPD").

7.    Defendant RICK ELEZI MANAGEMENT INC, d/b/a REM RESIDENTIAL

2

("R.E.M.") is the management company for the Subject Building and Subject Apartment, with address of 8 West 36th Street, 8th Floor, New York, NY 10018.

8.      Defendants NICHOLAS BRUSCO and JOSEPH BRUSCO (the "Bruscos") are officers of the above referenced corporate owners and managing agents, and individuals responsible for the day-to-day operations of the Subject Building and Subject Apartment, with address of 163 west 74th Street, New York, NY 10023.

9.      Defendants RICK ELEZI and SHPRESA ELEZI (the "Elezis") are officers of R.E.M. and the individuals responsible for the day-to-day operations of the Subject Building and Subject Apartment, with address of 8 W 36th St. 8th floor, New York, NY 10018.

10.     Defendant Jose Vargas ("P.O. Vargas") is a New York City Police Officer, Detective Grade 3 at Vice Enforcement Squad 1, Shield # 6747.

11.     Defendant GARY H. ROSE ("Marshal Rose") is a New York City Marshal, #81, and, as explained in detail below, conspired with defendants and their attorneys, specifically Robert Moore Jr. ("Atty. Moore"), a partner of Kucker Marino Winiarsky & Bitten LLP ("Kucker Marino"), to illegally evict plaintiff from the Subject Building and Subject Apartment.  Marshal Rose's business address is 2426 Ralph Avenue, Brooklyn, NY 11234.

## Venue

12.     This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 18 U.S.C. §§ 1961-68, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 18 U.S.C. § 1965.

**Brief Background**

13.     On or about June 20, 2022, Ms. Tell was raped in the Subject Apartment by the superintendent for the Subject Building, an employee of the Owners, John Doe #1.  As a result of the rape, specifically the choking of Plaintiff as John Doe #1 forced her to perform oral sex, Plaintiff suffered a stroke, which resulted in problems with her vision and temporary blindness.  As a result, Plaintiff was hospitalized.

14.     Soon after Plaintiff complained to the Owners at their offices, and after the Owners contacted Ms. Tell in the hospital, the Owners began eviction proceedings in New York County Housing Court against Plaintiff, Index # 316412-22/NY (the "NY County Housing Court Action") on or about October 26, 2022.

15.     In the NY County Housing Court Action, which then included claims of harassment and retaliatory eviction, the Owner stated the following (the "Reply"):

> "Plaintiff in no way harassed Defendants, and the Affirmative Defenses / Counterclaims do not even plead the required elements for harassment. Further, Plaintiff denies the scandalous allegations regarding a purported rape which never happened and asserts, upon information and belief, that one of the Defendants— Josephine Tell--was and is a transsexual "escort" who advertised their sexual services online, charging $800 for one hour of sex at the Premises, as evidenced by the attached Advertisement, and seduced the purported rapist here—a 22-year-old employee of the janitorial maintenance company [John Doe #1]."

16.     After trial in the NY County Housing Court Action, Plaintiff filed for a stay pending appeal, which included the posting of an appeal bond.  In opposition to Ms. Tell's motion for a stay, the Owners filed an Affirmation from Mr. Moore (the "Moore Affirmation").

17.     The Moore Affirmation stated the following:

    a.     "Josephine Tell … is a transgender "escort" selling sex at the Subject Premises,";

      b.      The, "Subject "private upscale apartment in NYC," which … Ms. Tell advertises as the location where she sells sex,";

      c.      Ms. Tell uses the Subject Apartment to "sell sex for money."

18.      The Owners also filed an Affidavit in opposition to Plaintiff's motion for a stay from Rick Elezi, the president of R.E.M (the "R.E.M. Affidavit"). The R.E.M. Affidavit states the following:

      a.      "In February 2023, I visited Apartment #lB at the Subject Building … to meet DAR and try to settle the litigation. My wife, Shpresa Elezi accompanied me for the visit";

      b.      "My office received many complaints about men waiting in the Subject Building hallway to enter the Subject Premises, which are located on the Subject Building's ground floor.  None of the tenants will come forward with their complaints and will not even identify themselves.  The tenants contacted the New York City Police Department ("NYPD") on various occasions.  After which, the NYPD Officers removed the waiting men from the Subject Building hallway";

      c.      "Doing some research on the internet, a REM Residential employee found a prostitution advertisement featuring Ms. Tell, complete with color pictures of her posing and her rates";

      d.      "The tenants' complaints to the NYPD of prostitution at the Subject Premises resulted in the assignment of Detective Jose Vargas, who emailed his card, and a copy of it is attached hereto as **Exhibit "2".** While Detective Vargas could confirm the prostitution at the Subject Premises, he regretfully informed that even if he got an "undercover" into the Subject Premises to make an arrest, it would do no good as the Manhattan District Attorney does not prosecute for the crime of prostitution,";

      e.      "The NYPD abandoned its investigation [the "Investigation"], leaving Ms. TELL to turn the Subject Premises into a brothel,";

      f.      "Upon commencing management of the Subject Building, I was informed by previous management that Ms. Tell was a prostitute and that I should be careful in my dealings with her because she had previously attempted to seduce various service personnel of the Subject Building, and then claimed that they sexually harassed her. She apparently did this with an employee [John Doe #2] of the former exterminating company [ABC Corporation #1], which company refused to service the Subject Building after the allegations, as well as a young employee of the former maintenance company [John Doe

#2]. It is for the foregoing reasons that I brought my wife with me to visit the Subject Premises."

19.    On December 21, 2023, before Hon. Danielle Chinea, J.H.C., Part N, a hearing was conducted regarding Plaintiff's Motion for a Stay. In open court, Mr. Moore Stated the following:

> MR. MOORE: … and what is she doing when she's there, she's
>
> selling sex for money. Now it's not a moral issue, it's a financial
>
> issue. She's charging $800 an hour … I mean this is filthy hands.

20.    At the same hearing, Defendant Nicholas Brusco, a New York State licensed attorney, registration # 2252104, stated, while standing and waving above his head the alleged prostitution advertisement, the following:

> MR. BRUSCO: Your Honor, may I (inaudible)?
>
> THE COURT: Only if your attorney allows.
>
> MR. BRUSCO: Will you allow me, Mr. Moore?
>
> MR. MOORE: Sure.
>
> THE COURT: He's been shushing you the whole time, so I
>
> think he's answering you because you pay his bills, but I suggest
>
> maybe you stop. But go ahead if you want.
>
> MR. BRUSCO: I just want to say, Your Honor, that the --
>
> THE COURT: Here we go.
>
> MR. BRUSCO: -- Respondents have chosen a path. They've
>
> clearly chosen a path in this litigation. Their path is to
>
> maintain … occupancy of a luxury, off Central Park West,
>
> apartment, for purposes of selling their wares and this –
>
> there is proof [waving the advertisement above his head].

>The managing agent's affidavit [Defendant Rick Elezi] says this
>
>is the person in occupancy. This is her. He met her at the apartment.
>
>There's no questions or issues here.

21.     On or about January 24, 2024, and displeased with the stay pending appeal, which was granted, and the posting of a $24,000+ bond, defendant Owners filed a nearly identical and discriminatory set of papers, falsely alleging prostitution, to a higher court, the New York State Appellate Term, First Department.

22.     Pursuant to the Affidavit Mrs. Madelyn Schwartz Dorsey ("Mrs. Dorsey"), a tenant in the Subject building, on or about January 2023 Mrs. Dorsey encountered a man "snooping around in the basement" of the Subject Building.   The man introduced himself as Jose, indicated he was employed by the United States Federal Bureau of Investigations (the "FBI") and produced identification confirming as much.  Jose indicated that he was investigating complaints of sex-trafficking/prostitution in the Subject Building.

23.     Mrs. Dorsey and Jose exchanged cell phone numbers and, after their initial meeting, corresponded by text messaging.  The cell phone number of Jose (929-354-9307) matches "Detective Jose Vargas," who "emailed his card" to the Owners.

24.     The text messages indicate that Jose Vargas had "Spoke to management we going [sic] to work together to get this guy out ..make your building safe again ..," and, was "Conducting surveillance [the "Surveillance"] in your building."  Mrs. Dorsey indicated that she witnessed Detective Vargas entering a van outside the Subject Building.

25.     Plaintiff is unaware if Jose Vargas is employed by FBI[1].  However, and upon information and belief, Jose Vargas is Detective Grade 3 at Vice Enforcement Squad 1, Shield #

---

[1] Impersonating a federal agent is a federal crime in the United States, punishable under 18 U.S.C. § 912. It is a crime to falsely represent oneself as a federal agent or employee with the intent to intimidate or deceive another person. This offense carries a maximum penalty of three years in prison and a fine.

6747.  Upon information and belief, Vice enforcement squad 1 serves Bronx County.  The Subject

Building is located in New York County. Upon information and belief, Jose Vargas has 20 verified

complaints of civil rights violations and/or NY state tort claims, and has been named in seven (7)

known lawsuits as an NYPD officer-defendant with $688,001 in total settlements.

26.     Upon information and belief, there were no "tenant complaints to the NYPD of

prostitution at the Subject premises," nor to any of the Defendants (Defendants admitting that "None

of the tenants will come forward with their complaints and will not even identify themselves"), nor

to the Vice Enforcement Squad 1, nor to any other squads or units of the New York City Police

Department ("NYPD").  There was no formal NYPD "investigation" or "surveillance," as alleged by

P.O. Vargas.

27.     On January 27, 2024, the New York Post, in a "Metro Exclusive" and citing

defendants' legal filings in NY County Housing Court and Appellate Term, First Department,

published an article entitled, "*TRANSGENDER ESCORT SQUATTER TURNED NYC LANDMARK

INTO SEEDY 'BROTHEL,' OWES $50K IN RENT: COURT DOCS.*"

28.     To be clear, Plaintiff is not a transgender escort, nor an escort of any kind.

Defendants knew, or should have known, that the referenced advertisement included in their legal

filings was fake revenge porn, generated to shame and discredit Plaintiff for complaining to

defendant owners, and their agents, of her rape, and to illegally remove Plaintiff from her home.

29.     At all relevant times, John Doe #1 was an agent and/or employee of Defendant

Owners.  Specifically, as alleged, Plaintiff made Owners and the Bruscos aware of the alleged rape,

but they did nothing apart from filing suit against Plaintiff in New York County Housing Court, and

by further filing false and discriminatory documents in NY County Housing Court and with New

York State Appellate Term, First Department – legal documents they knew, or should have known,

were false.

30.     The Owners and the Bruscos failed to adequately manage, oversee, and supervise the actions of their agents and/or representatives, including John Doe #1.

31.     At all times relevant to the events described herein, Defendant John Doe #1, as an agent and/or employee of the Owners and the Bruscos, acted within the scope of his employment as an agent, employee, and/or representative.

32.     As an agent and/or employee, John Doe #1 carried out the discriminatory practices described herein (a) upon information, at the direction of, and with the consent, encouragement, knowledge, and ratification of the Owners and the Bruscos; (b) under the Owners' and the Bruscos' authority, control, and supervision; and/or (c) with the actual or apparent authority of the Owners and the Bruscos.

33.     The Owners and the Bruscos are liable for the acts of their employees and/or agents, including those of John Doe #1 complained of herein.

34.     In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel, including P.O. Vargas, obey the laws of the United States and the State of New York.

35.     At all times relevant hereto, Defendant City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers and detectives, and supervisory officers as well as the individually named Defendant herein, P.O. Vargas.

## CAUSES OF ACTION

### Count I (42 U.S.C. § 3604(b))
### As to All Defendants

36.     Paragraphs realleges and incorporates by reference the allegations set forth in the

foregoing paragraphs as if fully set forth herein.

37.    Defendants discriminated against Plaintiff in the terms, conditions, or privileges of the rental of her apartment.

38.    Defendants tolerated and facilitated a pattern of discriminatory conduct, despite repeated specific requests to investigate and intervene on behalf of Ms. Tell.

39.    Defendants' tolerance and/or facilitation of said acts were sufficiently pervasive and severe so as to create a hostile environment based on sex and gender in violation of Plaintiff's rights, as protected by the Fair Housing Act, 42 U.S.C. § 3604(b). Defendants subjected Ms. Tell to different terms and conditions on the basis of her sex, gender and sexual orientation.

40.    Defendants' tolerance and/or facilitation of said acts demonstrate a willful and gross disregard for the known rights of Ms. Tell.

## Count II (42 U.S.C. § 3617)
### As to All Defendants

41.    Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

42.    Defendants tolerated and/or facilitated a pattern of discriminatory conduct, despite repeated specific requests to investigate and intervene on behalf of Ms. Tell.

43.    Defendants' tolerance and/or facilitation of said acts were sufficiently pervasive and severe so as to create a hostile environment based on sex in violation of Plaintiff's rights, as protected by the Fair Housing Act, 42 U.S.C. § 3617. Ms. Tell's right to use and enjoy her home, after the assertion of her civil rights, was unlawfully interfered with on the basis of her sex.

44.    Defendants' actions and failure to act demonstrate a willful and gross

disregard for the known rights of Ms. Tell.

**Count III (N.Y. Exec. Law § 290 et seq.)**
**As to all Defendants**

45.     Plaintiff realleges and incorporates by reference the allegations set forth in the

foregoing paragraphs as if fully set forth herein.

46.     Defendants have discriminated, and continue to discriminate, against Ms. Tell, on

the basis of sex, gender and sexual orientation in violation of the New York State Human Rights

Law, N.Y. Exec. Law § 290 et seq.

47.     By the actions described above, Defendants have engaged in, and continue to

engage in, a policy, pattern, and practice of discrimination against Plaintiff due to sex and sexual

orientation, in violation of the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq.

48.     Ms. Tell has been and continue to be harmed by Defendants' violations of the

New York State Human Rights Law, N.Y. Exec. Law § 290 et seq.

**Count IV (N.Y.C. Admin. Code §§ 8-101)**
**As to all Defendants**

49.     Plaintiff realleges and incorporates by reference the allegations set forth in the

foregoing paragraphs as if fully set forth herein.

50.     Defendants have discriminated, and continue to discriminate, against Ms. Tell, on

the basis of sex and sexual orientation in the terms, conditions, or privileges of the sale, rental, or

lease of a housing accommodation, or in the furnishing of facilities or services in connection

therewith, in violation of the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101

et seq.

51.     By the actions described above, Defendants have engaged in, and continue to

engage in, a policy, pattern, and practice of discrimination against Plaintiff due to her sex and

sexual orientation.

52.    Plaintiff has been and continues to be harmed by Defendants' violations of the

New York City Human Rights Law.

**Count V (N.Y.C. Admin. Code §§ 8-901 et seq.)**
**Crime of Violence Motivated by Gender**
**New York City Victims of Gender-Motivated Violence Protection Act**
**As to Owners, the Bruscos and John Doe #1**

53.    Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

54.    John Doe #1's acts described above, as agent of the Owners and the Bruscos,

violate Section 8-904 of the New York City Administrative Code.

55.    By raping Plaintiff, John Doe #1, as agent of the Owners and the Bruscos,

engaged in crimes of violence as defined in the New York City Administrative Code§ 8-903.

Forcing Plaintiff to perform oral sex against her will constitutes rape in the first degree, a

class B felony and a violation of N.Y. Penal Law§ 130.35. Grabbing plaintiff by the neck to

perform oral sex constitutes aggravated sexual abuse in the first degree, another class B

felony and a violation of N.Y. Penal Law§ 130.70. John Does #1's rape of Plaintiff, as agent

of the Owners and the Bruscos, and by forcing Plaintiff to give him oral sex constitutes a

criminal sexual act in the third degree, a class E felony, in violation of N.Y. Penal Law §

130.40.

56.    John Does #1's, crimes of violence, as agent of the Owners and the Bruscos,

were motivated by Plaintiffs gender as defined in the New York City Administrative Code §

8-903, as evidenced by John Doe #1's forceful and cruel ways in which he treated Plaintiff.

57.    As a result of John Does #1's crimes of violence, as agent of the Owners and

the Bruscos, were motivated by gender against Plaintiff.  Plaintiff has been damaged and is

entitled to compensatory damages in an amount to be determined at trial and to attorneys'

fees and costs.

58.    John Does #1's actions in violation of the New York City Victims of Gender-Motivated Violence Protection Act, as agent of the Owners and the Bruscos, were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights, for which she is entitled to an award of punitive damages.

### Count VI (Common Law Negligent Infliction of Emotional Distress)
### As to All Defendants

59.    Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

60.    Defendant Owners and the Bruscos and their managing agents (the Elezis & R.E.M.) had a duty to Plaintiff based on their landlord-tenant relationship.  P.O. Vargas had a duty as an NYPD Officer, Marshal Rose had a duty as a New York City Marshal.

61.    Defendant Owners and the Bruscos and their managing agents' failure to investigate John Doe #1's alleged rape of Plaintiff and ultimately to intervene on Plaintiff's behalf, constituted a breach of that duty.

62.    P.O. Vargas' and Marshal Rose's unlawful collusion with Defendants constitute extreme and outrageous conduct and a breach of their duties as a New York City police officer (P.O. Vargas) and NYC Marshal (Marshal Rose), causing Ms. Tell severe emotional distress.

63.    Defendants' respective breach of their duties placed Ms. Tell in imminent danger of physical harm, unreasonably endangered her physical safety, and caused her to fear for her physical safety.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant her the relief requested as follows:

13

A.    An award of damages to be determined at trial to compensate Plaintiff for all non-monetary and compensatory harm, including, but not limited to, compensation for her physical injuries, pain and suffering, PTSD, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering;

B.    An award of punitive damages, in an amount to be determined at trial, sufficient to deter Defendants from engaging in future illegal and/or wrongful conduct;

C.    An award of costs that Plaintiff incurred in this action, as well as her reasonable attorneys' fees, to the fullest extent permitted by law;

D.    A permanent injunction prohibiting Defendants from continuing to engage in the illegally discriminatory conduct alleged in this Complaint, including, without limitation, ordering Defendants to take actions or steps reasonably calculated to resolve any and all complaints harassment on the basis of sex, gender, sexual orientation or any other ground prohibited by the Fair Housing Act of 1968;

E.    All other relief deemed just and equitable by the Court.

DEMAND FOR JURY TRIAL

Trial by jury is demanded on all issues.

Dated: New York, New York
       September 20, 2024

By:_____
       Karim H. Kamal, Esq. (KK 2279)
       Law Office of Karim H. Kamal
       Attorneys for Plaintiff
       430 East 86th Street, Suite 14B
       New York, New York 10028
       (212) 586-0510
       khklaw@gmail.com

14